Opinion delivered April 13, 1888.

70   463
85   15
85   299

## No. 5866.

### WARREN GARRETT ET AL. v. J. W. WEAVER.

1. HOMESTEAD DONATION—STATUTE CONSTRUED.—Whatever rights result to one who, in the terms of the law, made application for a homestead donation of public domain, are lost by a failure to occupy it, (Rev. Stats., art. 3942.)

2. PUBLIC DOMAIN—STATUTES CONSTRUED.—The act of July 14, 1879 (Gen. Laws Special Session, p. 48) authorized the sale of such separate tracts of land in unorganized counties as, at the time of its passage, contained not more than six hundred and forty acres, the fact that a tract of land of greater area when that act was passed than six hundred and forty acres, may subsequently have been lawfully appropriated to private ownership to such an extent as to leave less than six hundred and forty acres unappropriated, would not render such residue subject to sale.

APPEAL from Kinney. Tried below before I. L. Martin, Esq., Special Judge.

*Clamp & Clamp*, for appellants.

*J. L. Ware, Solon Stewart* and *West & McGown*, for appellee.

STAYTON, CHIEF JUSTICE. This action was brought by appellee to recover one hundred and sixty acres of land embraced in a tract of six hundred and forty acres, patented to

the appellants on December 10, 1883. There are many assignments of error, but, without considering them in detail, we will notice such matters as are conclusive of the rights of the parties under the facts shown by the record. The appellants holding under a patent, in no way shown to be invalid, unless the appellee shows a superior right to the tract sued for having its origin prior to the date of the patent the judgment is erroneous.

The appellee claims such prior right on two grounds. 1. One Newberry, on March 11, 1881, made application for the land in controversy, as a homestead donation, and he made some improvements on it, but neither he nor the appellee, to whom he soon after sold, caused a survey of the land to be made within the time prescribed by law. Neither Newberry nor the appellee ever lived upon the land, and the inference from the record is, that the latter owned and lived on other land. Waiving a consideration of the question whether the land, at the time Newberry made his application, was not appropriated by a former location made by another person but subsequently abandoned under the facts stated, it is clear that whatever rights might have been acquired under the application made by Newberry was lost. (Rev. Stats., art. 3947.)

2. On February 17, 1882, the appellee made application to buy the land under the provisions of the act of July 14, 1879. (General Laws, special session, 48.) Under this application a survey was made on May 6, 1882, and the appellee subsequently paid into the State treasury the sum of eighty dollars.

If the land was not such as the act last referred to authorized to be sold, this is conclusive against the right which the appellee sought to acquire through his application, survey and payment of money into the State treasury.

The land was situated in Kinney county, which was not one of the counties in which public lands generally were offered for sale at fifty cents per acre by the act referred to and the amendment thereto. That act placed all the vacant and unappropriated land in counties named in it on sale, as did it all the unappropriated lands situated within the Pacific reservation, and it also placed on sale separate tracts of unappropriated public lands situated in organized counties, but not all unappropriated lands situated in such counties. Only such separate tracts in such counties as at the time of the passage of the act "contained not more than six hundred and forty

acres" were offered for sale. The size of the separate tracts, in such counties at the time the act was passed determined whether or not they were placed on sale, and the fact that a tract of greater area than six hundred and forty acres may subsequently have been lawfully appropriated to private ownership to such extent as to leave less than that area unappropriated would not make this residue subject to sale.

The uncontradicted evidence shows that the land in controversy, at the time the act was passed, was a part of a separate tract then unappropriated, and embracing several thousand acres, which may have been appropriated subsequently by virtue of valid land certificates until not more than six hundred and forty acres of the separate tract remained unappropriated at the time the appellee attempts to purchase. Such a state of facts would confer upon him no right to purchase under the act. The appellee never having acquired the right to the land under the application made by Newberry, for a homestead donation, and having no right to buy the land, he shows no fact that would authorize a recovery by him. The patent through which the appellants claim issued under a survey made on a location of date December 2, 1882, by virtue of a valid land certificate, is presumptively valid; but, whether so or not, the appellee shows no facts authorizing him to question its validity or recover the land.

The judgment of the district court will be reversed and the cause remanded.

*Reversed and Remanded.*