## ELLEN PALMER V. R. L. BENNETT.

### No. 7002.

**Pre-emption Claim May be Sold as Real Estate.**—One who has pre-empted land may sell it prior to the completion of the occupancy for three years, and if the possession be kept up by the vendee or vendees the patent issues on the original right and the land does not become vacant. A vendee completing the unexpired possession and obtaining title from the State can not avoid the vendor's lien upon the land on ground that it was public domain at the date of his purchase.

APPEAL from Wise. Tried below before Hon. George A. McCall. The opinion states the case.

*Graham & McMurray*, for appellant.—1. The supposed vendee of land which is in fact a part of the public domain is not estopped to acquire the land in his own right from the State, and if the vendor has no valid right or interest in the land he can not claim a vendor's lien to secure notes given in payment for it. Palmer v. Chandler, 47 Texas, 333; Houston v. Dickson, 1 S. W. Rep., 375.

2. When the supposed vendor ceased to occupy the land he relinquished the inchoate right which he had to acquire it by occupying it for three years as a homesteader.

*Carswell, Fuller & Terrell*, for appellee Bennett, and *C. W. Martin*, for appellee Mattox.

STAYTON, CHIEF JUSTICE.—An examination of this case shows that in the former disposition made of it the record was misunderstood, and the rehearing will be granted.

The action is on promissory notes given for land, and the controversy on this appeal is really as to the existence of a vendor's lien to secure the notes. The court below sustained a demurrer to so much of the answer as attempted to set up facts to show that no vendor's lien existed, and the correctness of that ruling is the question before us.

That answer shows that on August 2, 1884, William Meredith pre-empted the land, which was then vacant, and that after having the same surveyed and the field notes returned to the General Land Office after having been properly recorded in the county surveyor's office, Meredith conveyed the land on December 30, 1885, to W. E. Meador, who on December 30, 1885, conveyed it to F. C. Palmer, the deceased husband of appellant, who to secure the payment of the purchase money executed the notes now sued on, which became the property of appellee.

The answer further alleged that on July 10, 1887, F. C. Palmer, in accordance with the requirements of the Commissioner of the General Land Office, caused the survey to be corrected, that he made the proper

affidavit as assignee, and on August 26, 1887, received a patent in his own name.

There is an averment that the land was vacant when Palmer took possession, and that neither Meredith nor Meador nor both occupied it for three years, and from this the conclusion of abandonment is drawn; but there is no averment that Meredith did not occupy the land until he conveyed to Meador, nor that the latter did not take possession and hold it until he conveyed to F. C. Palmer.

In the absence of such averments the answer was fatally defective.

One who has pre-empted land may sell it prior to the completion of the occupancy for three years, and if the possession be kept up by the vendee or vendees the patent issues in the original right, and the land does not become vacant.

The answer shows that F. C. Palmer or his family held for less than two years when patent issued to him, which could not have occurred had the right under which the patent issued had its origin with his possession.

There was no error in the ruling of the court complained of, and the judgment will be affirmed.

*Affirmed.*

Delivered June 19, 1891.