### SIMON MCCARTHY ET AL V. JOSE GOMEZ ET AL.

#### No. 7195.

**1. Homestead Donation may be Applied for in Name of Wife.** An application made for a homestead donation in the name of the wife, but made by the husband for a homestead for the family, is not invalid because not made in name of the husband.

**2. Pre-emption—Alien not Entitled.**—Under article 3924, Revised Statutes, granting pre-emption rights to citizens of the State of Texas, an alien can not claim or become entitled to a homestead; at least such claim before patent would be invalid against another application by an actual settler upon the land.

**3. Failure to make Actual Settlement, or to Occupy.**— A failure to make settlement upon land claimed as homestead pre-emption, or to occupy the same, will result in a forfeiture of the right of such claimant. This forfeiture may be taken advantage of by another pre-emptor who is an actual settler, for the land became vacant by such forfeiture.

**4. Homestead Pre-emption—Application.**—That application was not made for the land by the pre-emptor within thirty days after his settlement is immaterial, where the application was made before any other valid claim attached to it.

APPEAL from Hemphill. Tried below before Hon. FRANK WILLIS.

May 25, 1889, appellants brought this suit against appellees, Jose Gomez, T. Hobart, and E. A. Giraud, to recover the lands described in the petition. The defendants answered by plea of not guilty, and general and special demurrers. The court sustained the general and special demurrers, and the appellants declining to amend, judgment was rendered dismissing the suit.

The petition, in substance, states, that about the 15th of November,

1887, their son, W. E. McCarthy, was the owner and in the possession of what was then known as lot 12, block 46, town of Canadian, Hemphill County, and believed to be a portion of Houston & Texas Central Railway survey 179. That prior to said date, W. E. McCarthy had erected a house and other improvements upon said lot, for the purpose of making it a home for plaintiffs in their declining years, they both being at the time old and having a family to care for and maintain. That on said date, plaintiffs, at the request of their said son, moved upon and took charge and control of said premises as their home. That W. E. McCarthy had expressed his intention of donating said premises to his mother, plaintiff Margaret H., as a home for herself, husband, and family. That from the time of their entry upon said premises the plaintiffs continued to occupy the same as their home, and are still occupying it as such.

That about the 31st of March, 1888, plaintiffs heard, through neighborhood rumor, that by a recent resurvey of the lands around and adjacent to plaintiffs, it had been discovered that the lines of the original surveys thereabout were at other and different places to where they had previously been supposed to be, and that there was quite a body of vacant and unappropriated public domain adjoining the survey out of which said lot was thought to have been taken, which vacant land included plaintiffs' said premises, and that plaintiffs were then and still are the only occupants of said vacant body of land. That plaintiffs were then, and have ever since been, the head of a family, and had no homestead, and that they were and are entitled to receive from the State a homestead donation of 160 acres out of said vacant land upon complying with the law. That on May 11, 1888, plaintiffs were actually and in good faith settled upon the 160 acres of land sued for, then vacant, unappropriated, and unoccupied public domain, except by plaintiffs, and which had not been occupied by any other person prior thereto; plaintiffs claimed the same in good faith as a homestead for themselves and family, intending to occupy and improve the said land for three consecutive years from that date, in order to obtain a patent therefor. That plaintiffs had placed about $1000 worth of improvements upon said land.

That on said 11th of May, 1888, plaintiff Margaret H. McCarthy made application according to law to the surveyor of Hemphill County for a survey of said land, making and presenting to him at the same time the necessary affidavit, in writing, of her actual and bona fide settlement upon the same, which was received, filed, and recorded by him in his office, and on the same day he surveyed the said land and recorded the field notes thereof in his office, for which plaintiffs paid him his legal fees of office. That afterward, on the —— day of ———, 1888, the said application and field notes were filed in the General Land Office. That it was mutually agreed between plaintiffs before and at the filing of their said application with the county surveyor, that the premises so applied

for, when patented, should be the separate property of said Margaret H., but that it should be used as their common homestead so long as they lived or chose to occupy the same as such, and as a matter of convenience, and for no other purpose, the application to the surveyor was made in her name. That since said application for and the survey of said premises plaintiffs have, with their family, in good faith, continuously occupied the same as required by law.

That on the 20th day of February, 1888, the defendant Jose Gomez made application in writing to the county surveyor of Hemphill County for a pre-emption of the same land claimed by plaintiffs, and made affidavit of his settlement and occupancy of the land under the law, which application and affidavit the said surveyor filed and recorded in his office, and on the —— day of ——, 1888, without authority of law, surveyed the said land for said Gomez, and recorded the field notes thereof in his office. That at the date of his said application for pre-emption the said Jose Gomez was not a citizen of this State, but was, as plaintiffs believed and charged, a citizen and subject of the Republic of Mexico, and was therefore not entitled to the land under the law. That the said Gomez's application and affidavit for pre-emption was false, untrue, and fraudulent in law, because at and before the filing of the same he was not and had not been an actual resident and bona fide settler upon the said land claimed by him, or any part of it. Nor was he such bona fide settler when the land was surveyed for him, or at or before plaintiffs' settlement thereon, or at or before plaintiffs' application was filed and the land surveyed for them; and further, that said Gomez has never been an actual resident and bona fide settler upon the said land; that therefore the said application of Gomez and survey thereunder were and are void in law and in violation of plaintiffs' rights. That said Gomez is claiming ownership in said laid, which is a cloud on plaintiffs' title.

On September 20, 1889, plaintiffs filed their amended original petition, which is substantially the same as the original, except that it brings in and makes T. D. Hobart and E. A. Giraud defendants, whom plaintiffs say are setting up some sort of claim to the said premises, which is also a cloud upon plaintiffs' title. Prayer for cancellation of defendant's claim and judgment for plaintiffs for the land and costs. Demurrer to petition was sustained. Plaintiffs appealed.

[This statement accompanied the opinion.]

*Browning & Madden*, for appellants.—1. The application for the homestead donation was made in the wife's name by mutual consent and prior agreement of the plaintiffs, Simon McCarthy and his wife Margaret H. McCarthy, and for the purpose of making the land a homestead for both of the plaintiffs, and was therefore legal and valid in law.

2. If the said Gomez was not a citizen of the State of Texas at the

time he applied to pre-empt the land, he could not make a valid pre-emption, and therefore his said application and survey was void and of no effect in law.

3. The plaintiffs' pleadings show that the pre-emption file of defendant Jose Gomez was a fraud upon the State, for the reason that said Gomez was not a citizen of the State of Texas; nor was he a bona fide settler and resident upon the land in question at the time of his application to pre-empt it, nor was he such citizen and bona fide resident upon the land at the time the same was surveyed for him; and therefore the said land was neither titled nor equitably owned under color of title from the sovereignty of the State, nor was the appropriation of the same evidenced by the occupation of the said Gomez or any other person holding the same for him at the time plaintiff Margaret H. McCarthy applied to homestead the said premises.

*W. H. Grigsby* and *Temple Houston,* for appellees.—1. The petition shows that the appellants did not file on said land until three months after Jose Gomez filed on the same, and that Simon McCarthy, the husband of Margaret McCarthy, did not file, but that the wife made the file.

The defendant Jose Gomez filed on the land as pre-emptor on February 20, 1888. Made his application and affidavit as the law directs, and filed the same with the surveyor of Hemphill County, Texas, which was by the said surveyor duly recorded in his office, and was also by the surveyor duly surveyed, and the field notes thereof were recorded by said surveyor and returned to the General Land Office as the law directs. At the time Margaret McCarthy filed on the land it was segregated from the public domain of the State by the defendant Jose Gomez. The demurrer and exceptions were properly sustained. 2 Sayles' Civ. Stats., arts. 3939, 3940, 3951; Const. 1876, art. 14, sec. 6; Miller v. Moss, 65 Texas, 179; Burleson v. Durham, 46 Texas, 152; De Montel v. Speed, 53 Texas, 339; Gammage v. Powell, 61 Texas, 629; Decourt v. Sproul, 66 Texas, 368.

2. The petition showed that the application for homestead was made in the name of the wife, the wife having no authority or power to make such application, her husband living with her at the time, and the application so made by the wife was no application in law. Const. 1876, sec. 14, art. 6; Cullers v. James, 66 Texas, 494; Ezell v. Dodson, 60 Texas, 331; Woolfolk v. Ricketts, 48 Texas, 28.

3. The question of whether Gomez was a citizen of the State of Texas or not was not a question for the court to pass upon. Hanrick v. Hanrick, 54 Texas, 101; 63 Texas, 618; 61 Texas, 596.

4. If the pre-emption file of Jose Gomez was a fraud on the State of Texas, it could in nowise be a fraud on the appellants. If the State of Texas was defrauded, it worked no injury to the appellants. Decourt v. Sproul, 66 Texas, 369.

FISHER, JUDGE, Section B.—Appellees contend that the court below properly sustained the demurrers to the petition, for the following reasons:

1. Because it appears that appellants did not file on the lands until three months after Gomez filed on the same, and that at this time the land had been surveyed for Gomez, under his application as a pre-emptor, which application and survey was filed and recorded in the records of the surveyor's office of Hemphill County; therefore the land was titled and equitably owned by Gomez under color of title from the State, evidence of the appropriation of which was on the county records. Therefore the land was not subject to the homestead claim of appellants.

2. It appeared that the application for the homestead was made in the name of the wife. The husband then living, and the head of the family, she had no authority in law to make the application; consequently she and her husband acquired no rights thereby.

3. That although the petition charges, that Gomez was not a citizen of Texas when he applied for the land, and that he never settled upon the land or occupied it, that such facts do not render his title void, but simply an attempted fraud upon the State, which can not be urged or taken advantage of by appellants; that only the State can question the title for such reasons.

Upon the other hand, appellants insist, that the petition states a cause of action, and that the court erred in sustaining the demurrers, for the following reasons:

1. Because it appears that the appellants have applied for the land as a homestead donation, and that under such application they had it surveyed, and the field notes recorded and returned to the Land Office, and that they are actually residing on the land as bona fide settlers.

2. Because it appears Gomez was not a citizen of Texas when he attempted to acquire the lands. That the pre-emption law only extended its benefits to citizens of this State; therefore he acquired no right or title.

3. That the failure of Gomez to reside upon the land as a bona fide settler, or make a bona fide settlement thereon, forfeited his right thereto, and the land became a part of the public domain, and subject to be acquired by appellants as a homestead donation.

4. That the application by appellants to acquire the lands being made in the name of the wife did not render it invalid. That it was made by the wife for the benefit of the family, and for the benefit of the husband, the head of the family; and the lands acquired thereunder would be the homestead of the husband and of the family.

The foregoing presents, in substance, the views of both parties as to the questions in the case.

1. The fact that the application to acquire the land as a homestead donation was made by appellant Mrs. McCarthy under the circumstances alleged would make it none the less the application of appellant Simon

McCarthy, upon his behalf as the head of the family.   The purpose of the application was to acquire a homestead for both appellants, and under the arrangement between them as pleaded the right acquired by virtue of the application would inure to Simon McCarthy as the head of the family.   If the application to acquire the land was made as stated, and it should be granted to Mrs. McCarthy, her husband Simon McCarthy would be precluded from receiving a homestead donation in other lands, and would be held to the homestead acquired under the agreement between himself and his wife.   Decourt v. Sproul, 66 Texas, 368.

2.   If it is true, as alleged in the petition, that appellee Gomez was a citizen of the Republic of Mexico, and not a citizen of Texas, at the time he attempted to acquire the lands as a pre-emption, he is not entitled to the benefits of the pre-emption laws.   Article 3924, Sayles' Civil Statutes, reads:  "Every person 18 years of age or over, who is a citizen of the State of Texas, and who shall hereafter in good faith settle upon and occupy any part of the vacant and unappropriated public domain, not exceeding 160 acres, shall have the right to purchase same, including improvements, at the sum of $1 per acre, under the stipulations hereinafter provided."

This provision of the law has not been construed as to the question before us, so far as we have been able to discover.   But a construction has been given to article 3937, Sayles' Civil Statutes, that grants to every person who is the head of a family a homestead donation.

In Gammage v. Powell, 61 Texas, 629, it is decided that the class of persons entitled to the benefits of the law are heads of families, and that proof of this fact is essential in order for the right to exist.   The evident reason for this construction is, that the law in plain terms confers the benefits upon a certain class of persons, and that this necessarily excludes the idea that it was the intention of the law to grant the privilege to others not named in the statute.   We think the same reasoning would apply in construing article 3924.   Such being the construction we place upon the law, appellee Gomez was not entitled to its benefits.   The land in this case is not patented, and we do not intimate what would be the proper construction of the statute in such a case.   We leave this question undecided.

3.   The petition alleges that Gomez was not at the time of his application to acquire the pre-emption right, and since, in actual possession of the land, and was not an actual bona fide settler thereon.   The law requires that the applicant for the pre-emption right shall actually settle upon and occupy the land.   This is one of the essential conditions upon which the right is granted, and a failure to make this settlement and occupancy will result in a forfeiture of his right and title to the land, and thereupon it will become subject to entry and location as other vacant and unappropriated lands.   Sayles' Civ. Stats., arts. 3924, 3926, 3933; Gammage v. Powell, 61 Texas, 630; Garrett v. Weaver, 70 Texas, 464; Bur-

leson v. Durham, 46 Texas, 159; Calvert v. Ramsey, 59 Texas, 491; Gambrell v. Steele, 55 Texas, 585; De Montel v. Speed, 53 Texas, 341.

4. If it be true, as alleged, that appellee Gomez is of the class of persons that are not permitted to acquire a pre-emption right, or that he has abandoned and lost his right by a failure to reside and settle upon the land, and thereby the land became public domain, subject to entry and location, then it was not titled and equitably owned when appellants attempted to acquire it.

5. The fact that appellants failed to make their application to acquire the land as a homestead donation within thirty days after their settlement thereon would not defeat their right thereto, because the right of no other person intervened before they did make the application. Gammage v. Powell, 61 Texas, 630.

We are of opinion that the court erred in sustaining the demurrer. The case should be reversed and remanded.

*Reversed and remanded.*

Adopted May 24, 1892.