62 485
79 491

## S. T. MARTIN ET AL. v. R. H. BROWN.

### (Case No. 1633.)

1. TRESPASS TO TRY TITLE — PATENT.— Without deciding whether a patent issued on a forged certificate is void, *held*, that a patent to school land, issued to one who, having obtained possession of the application for its purchase after it had been recorded, erased the name of the applicant, and inserted his own, cannot be invalidated at the suit of a subsequent applicant for the same land. The title passed and could only be disturbed by the state or by some one having an antecedent or contemporaneous equity.

APPEAL from McMullen. Tried below before the Hon. D. P. Marr.

On March 1, 1884, appellants brought this suit against appellee to recover sections No. 8 and 54 of school lands, situated in McMullen county, and sought to cancel patent, etc. The petition presented the cause substantially as follows:

Applications for the purchase of these two sections of land were filed by R. H. Brown, in the name of G. J. Vanmeter, in the surveyor's office on January 10, 1882.

On the 15th of February, 1882, appellants offered to file their applications for the purchase of said two sections of land in the sur-

veyor's office; but being informed by the surveyor that the sections were appropriated by the Vanmeter files, they were deterred from so doing.

On the 30th of March, 1882, appellee withdrew from the surveyor's office the Vanmeter application for the purchase of section No. 8, and on the same day filed therein an application in his own name for its purchase, which application was recorded by the surveyor on the 31st of March, 1882. The application filed for G. J. Vanmeter by appellee for the purchase of said section No. 54 was recorded in the surveyor's office of McMullen county on the 30th of March, 1882, in the name of G. J. Vanmeter, and delivered by the surveyor to appellee. After the application was delivered to appellee, and before it was presented to the state treasurer, it was changed and altered by the name of " G. J. Vanmeter " being erased from the application and the name of " R. H. Brown," the appellee, being inserted in its stead, in such a manner as to make it appear that R. H. Brown was the original applicant, and by changing and altering the file mark, to.wit: " 10th of January, 1882," written on the back of the application by the surveyor of McMullen county, so that the same would read the " 20th of January, 1882," and appear to be filed at that date. There never was an application for the purchase of said section No. 54, signed with the name of appellee, recorded in the books of the surveyor.

On the 10th of April, 1882, John Brightly, by his agent, William Cassin, filed his applications in the surveyor's office of McMullen county for the purchase of sections Nos. 8 and 54 from the state; these applications were recorded in the surveyor's office of McMullen county on the same day, and were duly forwarded to the state treasurer within the time required by law, together with one-twentieth of the appraised value of the sections. Brightly, through his agent, William Cassin, presented certificates from the commissioner of the general land office to the surveyor of McMullen county, within ninety days from the filing and recording of the applications, showing that the said applications and the treasurer's receipt for one-twentieth of the appraised value of the sections had been received and filed in the general land office, whereupon the surveyor entered the sections in his book as sold; and Brightly executed his notes, as required by law, for the balance due on the land, which notes were duly forwarded to the general land office. Appellants claimed as purchasers in good faith, for a valuable consideration, under and through the title of John Brightly.

The commissioner of the general land office, without being in-

formed of appellants' legal and equitable claim to the two sections of land, upon appellee's applications, in their altered and changed condition, being filed in the general land office, issued him patents for both of the sections; and this suit was brought by appellants to divest appellee of whatever title he may have acquired by the patents, and to vest the title to the same in appellants by decree of the district court of McMullen county.

On the 27th of March, 1882, the appellee filed a general and seven special exceptions to appellants' petition, all of which the court sustained, except special exception No. 7, which set up the exclusive authority of the land board to pass on any irregularities there might be in the sale of the sections, and upon appellants' declining to amend their petition the suit was dismissed, to which ruling the appellants excepted and gave notice of appeal in open court.

*Archer & Brown,* for appellants, on the sufficiency of the petition, cited: Rule 17, 47 Tex., 619; Burks v. Watson, 48 Tex., 113; General Laws, 1881, secs. 5, 6, 7, 8, pp. 120, 121; General Laws, Special Session, 1879, secs. 9, 10, 11, pp. 25, 26; McKinney v. Grassmeyer, 51 Tex., 382; Upshur v. Pace, 15 Tex., 531.

That a patent can be impeached for fraud, they cited: Wyllie v. Wynne, 26 Tex., 45; Gullett v. O'Connor, 54 Tex., 416; Burleson v. Durham, 46 Tex., 157; Sherwood v. Fleming, 25 Tex. Sup., 428.

*J. M. Eckford,* for appellee.

Watts, J. Com. App.— So far as the questions relating to section No. 8 are involved in this appeal, they are settled by the opinion in cause No. 1632 between the same parties, delivered at the same time with this. To that portion of the petition relating to section No. 8, the general and special exceptions of appellee were correctly sustained.

But as to section No. 54, appellants, by the allegations in their petition, claim that after the application in the name of Vanmeter had been recorded by the surveyor and delivered to appellee, that he erased or caused to be erased therefrom the name of Vanmeter, and inserted his own name in lieu thereof; and filed the same in the general land office, and thereby secured the issuance of the patent in his own name. It is also claimed that, for these reasons, the patent is wholly void and vests no right whatever in the land. In securing title by the location of a land certificate upon unappropriated public domain, the consideration accruing to the state is the land certificate. So that if the certificate is a forgery, the

state gets no consideration for the grant. While in securing title to school land the consideration paid is the money; hence they could not be considered as occupying the same footing. It is not necessary, and therefore we do not undertake to decide, whether or not a patent issued upon a forged certificate is void.

Generally, if a patent has been issued by an officer authorized to grant it, and whose duty it was to examine and pass upon the evidence upon which it issued, and some irregularity or illegality has supervened in the preliminary proceedings, the patent can only be impeached therefor by the state or some individual having an equity in the land at the time the patent issued. Todd v. Fisher, 26 Tex., 239.

Neither appellants, nor Brightly, their vendor, had any equity in the land on the 30th of March, 1882, at the time the application in the name of Vanmeter was duly recorded in the surveyor's office. Then, admitting appellee did erase the name of Vanmeter from the application, and inserted his own name, and by paying the appraised value of the land secured the patent therefor, yet it is not perceived how appellants are injured by the alteration in the application, etc. What difference is it to them whether the patent issued to Vanmeter or to appellee. Both the state and Vanmeter seem to be satisfied with the transaction. The state is making no effort to avoid the patent on account of the deception practiced upon the commissioner of the land office, nor is Vanmeter making any effort to divest the legal title out of appellee, and to secure the same to himself. These are the only parties at interest, according to the allegations in the petition. It is not pretended that either Brightly or appellants had any right to, or interest in, the land at the time the application was recorded and delivered to appellee. And that application had not been forfeited when Brightly made his application, April 10, 1882.

Evidently appellants do not occupy such position with respect to the land as would entitle them to a hearing as to the illegality in any of the preliminary proceedings which resulted in the issuance of the patent.

Our conclusion is that there is no error in the judgment and that it ought to be affirmed.

AFFIRMED.

[Opinion adopted November 25, 1884.]