NEW YORK & TEXAS LAND CO., LIMITED, v. THOS. H. GARDNER ET AL. No. 676.

1. **Survey of Public Land—Return of Field Notes to General Land office.**

The provision of the Revised Statutes (art. 3909) requiring that the field notes of a survey of public land shall be filed in the general land office within twelve months from the date of the survey, does not declare the location void for failure of such filing within that time.

**2.  Same—Irregularities—Estoppel.**

Where appellant by its acts and representations caused appellee and his vendor to locate a certificate upon certain land as being vacant public domain, and to obtain patent thereon, it cannot, upon discovering that the land is part of one of its own surveys, avoid the effect of estoppel by setting up mere irregularities in the proceedings leading up to appellee's patent.

Appeal from La Salle.  Tried below before Hon. M. F. Lowe.

*West & Cochran,* for appellant.—1.   Joseph Cotulla having sold, in May, 1882, the Robert Hall certificate to I. A. Dewees, who on May 6, 1882, applied to the county surveyor for the survey of certain land by virtue of said certificate, and which land was actually surveyed on September 4, 1882, the conveyance dated September 14, 1882, from Joseph Cotulla to T. H. and J. E. Gardner, did not vest title in the Gardners; the certificate, by virtue of the application and survey, having been, prior to September 14, 1882, merged into realty the legal title to which was in Dewees, and in the absence of a conveyance from him, appellee did not have title to the land.   Jones v. Lee, 86 Texas, 41; Hearne v. Gillett, 62 Texas, 23; Simpson v. Chapman, 45 Texas, 566.

2.   When neither appellee nor his grantor have ever taken the necessary steps to acquire title to the land, appellant is not estopped to assert title, even if the acts of Wyschetski be construed to be of such a character as induced appellee to believe it vacant.   Rev. Stats., arts. 3902, 3909.   De la Garza v. Cassin, 72 Texas, 442; N. Y. & T. Land Co. v. Gardner, 25 S. W. Rep., 739; Taylor v. Criswell, 4 Texas Civ. App., 107; Neal v. Minor, 26 S. W. Rep., 82.

3.   The evidence failed to show such acts on the part of the appellant as in law would constitute title by estoppel in appellee.   Love v. Barber, 17 Texas, 312; Hollingsworth v. Fowlkes, 24 S. W. Rep., 708; 21 S. W. Rep., 1110; Wortham v. Thompson, 81 Texas, 350; Page v. Arnim, 29 Texas, 53; Turner v. Ferguson, 58 Texas, 9; Stroud v. Springfield, 28 Texas, 650; Browning v. Atkinson, 37 Texas, 659; Bigelow on Estoppel, 3 ed., 486, 520; Hastings v. Witte, 59 Wis., 285; 7 Am. and Eng. Encyc. of Law, p. 15, note 4, and p. 14; Fogarty v. Junction City Co., 50 Kans., 478; 18 Law Rep. Ann., 756; Bogg v. Merced, 14 Cal., 367; Hinshaw v. Bissell, 18 Wall., 272.

*E. R. Lane;* for appellees.—1.   A written transfer of a certificate subsequent to the locating of the same upon public domain in equity operates as a transfer of the land.   It is the land and not the certificate which is the thing sold.   Hearn v. Gillet, 62 Texas, 23; Robinson v. Davenport, 40 Texas, 340; Casteman v. Sherry, 42 Texas, 59; Ponce v. McWhorter, 50 Texas, 563; New York & Texas Land Company v. Gardner, 25 S. W. Rep., 738.

2.   Appellant is estopped from claiming any part of plaintiff's land by its acts.   Timon v. Whitehead, 58 Texas, 290; Hefner v. Downing, 57 Texas, 576; Sanders v. Dart, 57 Texas, 8; New York and Texas Land Company v. Gardner, 25 S. W. Rep., 738.

JAMES, CHIEF JUSTICE.—The petition was filed by Thomas H. Gardner, alleging in substance that appellant had patents to a block of 52 sections of land known as block 2, which sections had never been, in fact, surveyed; that in the spring of 1882, recognizing that the block had not been surveyed, it caused the exterior lines to be run out, established and permanently marked and acted upon, and held them out to be the true boundaries of the block where so defined, from May, 1882, to some time in 1886. That in May, 1882, defendant, by its agent, who was authorized to survey and designate its lands, having just completed the survey and establishment of the exterior lines and corners of said block 2, pointed out and represented to I. A. Dewees that the land lying south of said block as so defined was vacant public domain. That, induced by these acts, I. A. Dewees procured and located a 1280 veteran donation certificate on 1280 acres of the land adjoining and south of the exterior southern boundary line so surveyed and established, which location was duly surveyed and patented. Also, that plaintiff and J. E. Gardner, his brother, were by said acts of defendant induced to purchase the land so located from I. A. Dewees in September, 1882, when plaintiff and J. E. Gardner went into possession of the land and partitioned the land between them, the east half thereof becoming the property of the plaintiff, upon which 640 acres he, in 1882 and from that time to some time in 1885, made valuable and permanent improvements, consisting of houses, fences, pens and fields, and without any notice of defendant's claim. That defendant recognized the said exterior line as the true line of its said block from the time of the location up to the year 1886, and that in 1886 the defendant resurveyed said block and established another line as its southern line, which it now claims to be the correct line, and which brings the sections 49, 50 and 51 of said block No. 2 in conflict with plaintiff's said land. The prayer was for a decree quieting his title and cancelling defendant's claim to said 640 acres of land belonging to defendant, and for general relief.

The cause was disposed of without a jury, and judgment rendered for plaintiff.

*Conclusions of fact.*—We find that the evidence sustains the following conclusions consistent with the decree rendered.

That the appellant owned the block No. 2 as alleged, and that the same had been, along with other blocks, originally built and based upon a base line, the sections not being in fact surveyed, but projected and mapped from this base line. That early in 1882, the defendant caused its surveyor, A. Wyschetzki, to survey said blocks and to ascertain and define the exterior lines thereof. That this surveyor did not correctly locate the blocks, failing to discover the base line ascertained, and placed the southern boundary of block No. 2 north of where it really should have been; and where he thus ascertained it to be, he defined same by distinct marks and by corner posts at the corners of the sections, and declared it to be the line and made it commonly known as

the line. That Wyschetzki, for the company, leased and sold lands by these lines from and after his survey. That he held a power of attorney from defendant, giving him full authority to survey lands, establish boundaries, and to lease and sell lands. Neither I. A. Dewees, nor either of the Gardners, had any knowledge but that the line established and promulgated by Wyschetzki was the correct line of said block.

Before locating the 1280 veteran donation certificate, Dewees was informed by Wyschetzki of the position of the south line of block No. 2 (where he had established it), and was thereby induced to purchase and locate it adjoining such line; and the Gardners purchased from Dewees under the belief, derived from the acts of Wyschetzki concerning said line, that it was the true south line of the block, and that the plaintiff made permanent and valuable improvement upon his 640 acres under that belief; and that the south line of defendant's land as now claimed runs through Gardner's field.

We further conclude from the evidence that the facts concerning plaintiff's paper title are:

That Dewees filed application for location of the certificate on May 6, 1882, and that the land was surveyed on September 4, 1882, but that the field notes of this survey were not filed in the General Land Office until October 3, 1883.

That the certificate was granted to Robert Hall, and a transfer thereof was executed from Robert Hall to Joseph Cotulla on April 8, 1882, who executed a transfer thereof to John E. and Thomas Gardner on September 14, 1882. Cotulla testified that he had sold the certificate in May, 1882, to I. A. Dewees, who paid him for it, and that Dewees requested him to make the transfer to Thomas H. and J. E. Gardner, to whom he had sold it, and that witness did so on September 14, 1882.

It appears that corrected field notes were filed in the General Land Office on September 9, 1886, and patent issued November 24, 1886. Although not deemed necessary for the decision of the case, as we have concluded it should be, we note the fact that the corrected field notes were made for T. and J. Gardner by virtue of an actual resurvey shown by the field notes to have been made on April 23, 1884. The corrected field notes were not certified by the surveyor of La Salle County until August 25, 1886, and from his certificate it appears that on that date the field notes as entered on his record were amended in a material particular, from which it might be inferred that the resurvey was not finally completed until that date. We state these facts in view of articles 3900 and 3901, Revised Statutes, which authorize a relocation.

We find the further fact that in February or March, 1886, the defendant caused said block or blocks to be again surveyed, at which time the original base line was found, and the mistake in the south line of the block disclosed, and that at or about that time the plaintiff became informed of the fact.

*Conclusions of law.* —The case was before us on a former appeal, and

was remanded on questions not now relevant. The issue of estoppel was discussed in our opinion on that appeal upon substantially the same facts, and the conclusions of law then expressed on this subject are our present conclusions, and we will, therefore, refer to said opinion for the reasons which lead us to sustain the finding of the court on this issue. N. Y. & Texas Land Co. v. Gardner, 25 S. W. Rep., 738.

The demurrer and special exceptions to plaintiff's amended petition were addressed to the failure of said pleading to show a case of estoppel, and were, in our opinion, properly overruled. This disposes of the first second and third assignments.

The fifth assignment is that the court erred in admitting the transfer from Joseph Cotulla to T. H. and J. E. Gardner, because it was first shown that at that time the title to the certificate and land located thereby was in Dewees, and not in Cotulla, he having previously sold same, while yet unattached to land, to Dewees. The cause was tried by the court, and the evidence bearing on this question is as stated in above conclusions of fact. The second paragraph of our former opinion deals with and disposes of this assignment against the appellant, and we need not restate the reasons.

The eleventh and twelfth assignments present the only remaining issue, one not relied on on the former appeal. It is in substance that judgment should have been for defendant because the patent to Gardner was issued in violation of law, the evidence being that the field notes of the survey made for Dewees were not returned to the General Land Office within twelve months from the date of survey, and, as appellant says, the location and survey thereby became a nullity and could not be made the basis of a title by estoppel.

Art. 3902, Rev. Statutes, declares that land shall be surveyed within twelve months from the date of entry, or the location will become void; but the survey in question was made within twelve months, and the provision requiring the field notes to be in the land office within twelve months from the date of survey does not declare the location void for failure to do so. Art. 3909, Rev. Stats. De la Garza v. Cassin, 72 Texas, 442.

The Supreme Court has in many decisions held that a patent issued without observance of all the preliminary steps authorizing its issuance, is nevertheless valid as to all persons except the State and those holding under it by superior equities. Those permitted to question the validity of such patent have generally been persons who have obtained a right in the land subsequent to the appropriation of the land by the patentee, and before patent issued, such as junior locators, preemptors, etc. Bryan v. Shirley, 53 Texas, 440; Todd v. Fisher, 26 Texas, 239; Decourt v. Sproul, 66 Texas, 371; Martin v. Brown, 62 Texas, 485.

It is probable that the rule is restricted to persons occupying that relation to the patentee, and does not extend to one who, as in this case, holds by a patent antedating the location. In such case, the mere fact of a prior grant would authorize a cancellation of the junior patent,

or so much thereof as conflicted with it, and it would be unnecessary and useless to inquire into the regularity of the issuance of the junior patent. In the present case, if title by virtue of grants from the State were the sole issue, the plaintiff's patent would be cancelled to the extent of the conflict.

Appellant by its conduct having caused investments to be made and steps taken by Dewees and the Gardners in good faith and directed to the procurement of a patent to the land, and the patent having issued to plaintiff, it is not for the defendant to deny the effect of the estoppel by questioning the regularity of the proceedings leading up to the patent. The judgment is affirmed.

*Affirmed.*

Delivered October 23, 1895.

Writ of error refused.