## W. F. DE CORDOVA v. GEORGE BLISS ET AL.

### No. 1450.

**Title to Land—Evidence—Recitals in Patent.**

A patent issued to an assignee described the original certificate and recited transfers by mesne conveyances to De C. the ancestor of defendant, and from him to the patentee. Plaintiff having showed chain of title from the patentee, defendant introduced the transfers of the certificate, recited in the patent, down to his ancestor. Held:

1. On this proof plaintiff was entitled to recover the land.

2. The Commissioner of the General Land Office being empowered to pass on the sufficiency of the transfers, his recitals in the patent of such transfers, from defendant's ancestor, by mesne conveyances to the patentee will be presumed to be true until disproved.

3. The patent conveyed the legal title to patentee and entitled those holding his title to recover until a superior equity was shown, which was not done by the mere introduction of a part of the transfers recited in the patent.

APPEAL from McCulloch. Tried below before Hon. J. O. WOODWARD.

*F. W. Newman* and *M. Fulton*, for appellant.—1. The court erred in its conclusion of law, and findings of fact as well, in this: The defend-

ant, W. F. De Cordova, was not bound by the recitals in the patent that J. De Cordova had transferred the certificate; this defendant occupies the same position with relation to this land as would J. De Cordova were he alive and a defendant in this case.

2. The recitals in the patent of the transfers of the certificate from J. De Cordova to patentee, is not a fact from which the court could presume the regular transfers of the certificate down to patentee had been made, as is set out in the patent: and as against the J. De Cordova title to the certificate, as shown by regular transfers from Catherine Kellner to him, the plaintiffs should have proven title by regular transfers from J. De Cordova to patentee, and on the evidence adduced the court should have found for the defendant, W. F. De Cordova, and rendered judgment for the land in his favor.

3. Patent is but prima facie evidence of title in the patentee, and it may be shown that some one other than patentee was owner of certificate, which, when done, draws to it title to the land. Miller v. Bronson, 50 Texas, 590; Johnson v. Eldridge, 49 Texas, 520; Mitchell v. Bass, 26 Texas, 376; Burkett & Murphy v. Scarborough, 59 Texas, 498.

4. Recitals in deed bind only those who must look to the deed to support their title or one who was party to the deed. Wallace v. Pruitt, 1 Texas Civ. App., 233; Burk v. Turner, 79 Texas, 276; Linney v. Wood, 66 Texas, 28; 60 Texas, 512; 64 Texas, 596.

5. The same rule as to recitals in deeds applies also to recitals in patents from the government. See subject fully discussed in note to Graff v. Castleman, 16 Am. Dec., 754.

*Walter Anderson*, for appellees.—1. The law having made the Commissioner of the General Land Office the judge of the genuineness and sufficiency of the transfers of certificates presented to him before patent issues, and required him after passing upon the sufficiency and genuineness of the transfers to issue patent to the transferee, and he having passed judgment upon the transfers recited in the patent offered in evidence, adjudging them sufficient and valid, and issued patent to the final assignee of the certificate, Hohenthal, his action in issuing the patent to said Hohenthal, the final assignee, vested the legal title in the said Hohenthal, subject to be divested only by clear proof of fraud, mistake or a superior prior equity, in conflict with the patent; and surely the confirmatory proof afforded by the copies of the very transfers recited in the patent, which were offered by appellant in evidence, is not sufficient to divest such title.

2. The recital in the patent is an announcement that the commissioner, whose duty, imposed by law, it is to pass upon or judge of the sufficiency of the transfers presented, has passed judgment upon such tranfer and found them sufficient, of which all persons claiming the land must take notice; and in order to defeat the result of such judgment of the commissioner the party who attacks it must show fraud, mistake, or a clear superior prior equity in conflict with the patent.

3.   The patent carries with it all the prima facie right to the land,. and to rebut such presumptions a prior superior equity must be clearly shown.   Mitchell v. Bass, 26 Texas, 372; Smith v. Walton, 82 Texas,. 547; Burket v. Scarborough, 59 Texas, 495; Johnson v. Smith, 21 Texas, 728; 65 Texas, 181; 2 U. C., 483-725.

COLLARD, ASSOCIATE JUSTICE.—Suit of trespass to try title for 320 acres of land by appellees, George Bliss, James H. Dunham and Isaiah V. Carpenter against Elizabeth Wintz and W. F. De Cordova. Pending the suit Mrs. Wintz died, her death was suggested and her heirs made parties defendant.

Mrs. Lorena Wintz, executrix of the will of Mrs. Elizabeth Wintz,. asked to be made a party defendant, and she and De Cordova answered by pleas of not guilty.   De Cordova by cross suit claimed that he was the owner of the land; that plaintiffs had ejected him from the land, and asked for judgment against them and for restitution of the premises.   Judgment was rendered for plaintiffs for the land, from which. this appeal is taken by W. F. De Cordova.

The facts are as follows:

1.   The land in suit was patented by patent dated March 17, 1859,. to S. L. Hohenthal, which patent contains the following recitals: "Do by these presents grant to S. L. Hohenthal, assignee of Catherine Kellner, his heirs or assigns forever, three hundred and twenty acres of land situated and described as follows:"   Then follows a description of the land, and the patent proceeds:   "Known as survey No. 909, in district No. 3, by virtue of certificate No. 357, issued by the commissioner of Fisher & Miller's Colony, on the 8th day of June, 1850; transferred by said Catherine Kellner to J. H. Carstens, July 12, 1851; by said Carstens transferred to F. Berkemier, January 28, 1852; and by said Berkemier transferred to J. De Cordova on the 31st day of March, 1857; by said De Cordova transferred to H. F. Fisher on the 3rd April, 1857; and by said Fisher transferred to said Hohenthal August 27, 1858."

2.   Plaintiffs introduced deeds showing complete chain of transfers. for the land in controversy from the patentee, S. L. Hohenthal, down to themselves.

3.   Defendant W. F. De Cordova is son and heir of J. De Cordova.

4.   Defendant De Cordova introduced certified copy; from the Land Office, of the certificate by virtue of which the land was patented, issued June 8, 1850, to Catherine Kellner, describing the land; also certified copies from the Land Office of transfers of the certificate mentioned in the patent from Catherine Kellner to J. H. Carstens, dated July 12, 1851; from Carstens to F. Berkemier, dated January 28, 1852; from Berkemier to J. De Cordova, dated March 31, 1857.   No other testimony was offered.

*Opinion.*—The court, after finding the foregoing facts, as a conclusion

of law thereon found that the plaintiffs were entitled to recover the land.

This conclusion is assigned as error.

It was the duty of the Commissioner of the General Land Office to issue patent to the assignee of the certificate in the name of the assignee "upon such assignee presenting a sufficient and properly authenticated chain of transfer assignment or obligation for title or a power of attorney showing a transfer from the original grantee to the assignee." O. & W. Dig. 1274 P. D. 4294, sec. 3959.

The Commissioner had the power to pass upon the transfer presented to him and issue the State's title to the land, to the assignee showing a chain of transfer to him. Without proof it would not be presumed that the Commissioner had exceeded his authority and acted without legal transfers presented to him. The patent vested the title to the land in the patentee and there has been no effort to show that there is any equity against it superior thereto, no effort to show that the recitals of transfer are incorrect. So far as they are traced by the testimony they are shown to be true, and it would not be presumed that the recital of the transfer by J. De Cordova is untrue without any proof. Miller v. Brownson, 50 Texas, 592; Mitchell v. Bass, 26 Texas, 376. No ground is shown why the patent should be avoided. The commissioner had authority to issue it and no reason is assigned to invalidate his act, or avoid it. League v. Rogan, 59 Texas, 428; Johnson v. Eldridge, 49 Texas, 507; Stevens v. Geiser, 71 Texas, 140; Miller v. Moss, 65 Texas, 180; Todd v. Fisher & Miller, 26 Texas, 239; Martin v. Brown, 62 Texas, 488.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered February 19, 1896.

Writ of error refused.