BENJAMIN S. GRAYSON'S REPRESENTATIVES v. GILBERT WINNIE.

The terms "legal representatives," in our statute, respecting the revivor of actions, includes heirs where there is no executor or administrator.

The heirs of a deceased person can continue the prosecution of a suit which was commenced by his administrators to revive a judgment rendered in favor of the deceased, the estate having been administered and the administrators discharged.

Where one, acting in a fiduciary capacity, recovers judgment in his own name instead of that of the beneficiary, he cannot refuse to prosecute a suit to revive the judgment, nor can those who represent him after his death make such refusal, nor is there any valid objection, in law, to the revival of such judgment in the name of the legal representatives of the person in whose name the judgment was obtained.

Appeal from Brazoria. This suit, to revive a judgment

against defendant, was brought on the 5th October, 1850, by the appellants, as administrators of Benjamin S. Grayson, deceased.    At the Fall Term, 1851, the removal of the plaintiffs as administrators was suggested, and the cause was continued from Term to Term to make parties.    At the Spring Term, 1853, the appellants filed a supplemental petition, alleging, among others matters, that the estate of Benjamin S. Grayson was closed, that they were discharged as administrators, that they were the sole heirs of the deceased, and they prayed that judgment be revived in their names, as heirs of the said Benjamin S. Grayson.    The defendant, among other exceptions to the supplemental petition, filed the following, viz : that the supplemental varied from the original petition, in this, that the plaintiffs through the former sue as heirs, and not as legal representatives of Benjamin S. Grayson, deceased. This exception was sustained, and the plaintiffs, under leave, filed an amended petition, in which they make the rather singular revelation that the original cause of action belonged to Willard Richardson, by whom it was placed in the hands of Benjamin S. Grayson for collection, and in whose name the suit and judgment should have been, and not in that of the said Grayson, and they pray to be permitted to prosecute the said suit to final judgment of revivor against the defendant for the use of said Richardson.    The defendant excepted to the amended petition, and the exception was sustained to so much of the said amended petition as seeks to make Thomas W. Grayson and E. M. Grayson parties plaintiff as heirs of Benjamin S. Grayson, deceased.

The parties waived a jury, and the cause being submitted to the Court was dismissed, and the plaintiffs appealed.

The errors assigned are,

1st. In sustaining defendant's exceptions, and ordering the supplemental petition to be stricken out.

2nd. In sustaining the exceptions to the plaintffs' amended petition.

3rd. In rendering judgment against plaintiff.

*H. N. & M. M. Potter* and *P. McGreal*, for appellants.

*Alexander & Atchison*, for appellee.


HEMPHILL, CH. J.   The questions in this case are,

1st. Can the heirs of a deceased, for the purpose of reviving a judgment, prosecute a suit which was commenced by administrators, the said administrators having been discharged from office.

2nd. Can this be done when they admit that such revivor will be not for their own, but for the benefit of a third party who is the real owner of the original cause of action.

The 38th Section (Art. 697) of the Act to regulate proceedings in the District Courts declares, in effect, that if a plaintiff, in a suit where the cause of action survives, dies before verdict, his legal representative may make himself or be made a party to such suit, and if executors or administrators be parties plaintiff in any suit and shall die or cease to be such executors or administrators, the suit may be continued by the parties succeeding to the administration of the estate.

It will be perceived that the statute makes express provision for the continuation of a suit in a case where one administrator succeeds another in the administration of an estate, but not in a case where all administration has been closed and the estate turned over to the heirs as its rightful owners.  But can any principle of law be found to prevent the heirs who are now vested with every right pertaining to the estate, from prosecuting, for their own benefit, a suit which was commenced by the administrators as trustees of the estate ?  One administrator succeeds another in the prosecution of a suit, not in their personal right or for their individual benefit, but in their official capacity and for the advantage of the estate.  Why should the heirs, when an administration is closed, not be permitted to do that for their own benefit, which, when it is open, can be done for them by an administrator ?  When administration is closed, the presumption is

that all debts are paid ; and such being the fact, it would be most unreasonable that the succession, instead of being closed, should be kept open for years, depriving the heirs of the enjoyment and control of their property, merely because one or two claims due the estate may be in the process of litigation. And it would be equally unreasonable and unjust, to deprive the heirs of the power to continue the suits on these claims, on the plea that the estate has been closed, and thus deprive them of all means to support their rights. The statute, when authorizing one administrator to succeed another, is not exclusive in its terms. It indicates merely, and such is the general scope of the whole provision, that whoever does prosecute the suit must be the representative of the deceased, and not of the administrator or of any other person than the deceased.

The Section above cited employs the phrase legal representative of the deceased. This is a general term, susceptible of different significations, and perhaps it would have been more judicious to have followed the language of the Act of 1838, viz: executor, administrator, guardian, creditor or heir. (Acts of 1838.) There is no room for doubt, under such language, that in proper cases the heir might appear himself and continue a suit begun by the ancestor or by his administrator. We are not to infer, however, that by the change of phraseology, the Legislature intended to deprive heirs of the power to represent the deceased, they being in fact his real and permanent representatives, the others being appointed and representing him for merely temporary purposes and trusts. I apprehend that on examination, it will be found that in repeated instances in our statutes, the terms legal representatives and heirs are of synonimous signification and import. This is not peculiar to our laws, for it will be found that in some of the other States the terms legal representatives have not been considered identical with executors and administrators.

The question, however, as to whether an heir can continue a suit begun by a deceased or by his administrators, was vir-

tually decided in the case of Thomas v. Jones, 10 Tex. R. 54. In that case the defendant had died, but the same rule applies whether the death be of the defendant or of the plaintiff. And it was said that the Section above cited from the Act to regulate proceedings in the District Courts, manifested no intention to change the former law in respect to the persons who were to be considered the legal representatives of the deceased. By the former law the heir was authorized to represent the deceased, and under this construction he is now entitled to such representation. In this case every purpose which an administrator could effect, had been accomplished, except that of prosecuting this protracted controversy, and it would be preposterous that the estate should be kept open for any such purpose, or that the heirs should be deprived of the right to continue the suit merely because the powers of their virtual agents, the administrators, had ceased or been withdrawn. They both represent the deceased; they prosecute in the same right; there are no debts, and the estate is vested completely in the heirs; and under such circumstances there does not appear to be any possible objection to the continuation of the suit by the heirs, whether it were commenced by the deceased or by his administrator.

But, in support of the judgment below, it is urged that the administrators and heirs are prosecuting this suit, not for the benefit of the estate they represent, but for the advantage of another.

There is nothing substantial in this objection. What possible benefit the plaintiffs expected to derive from the statement of this fact, it would be in vain to conjecture. The fact that the claim belonged to the deceased, had been adjudicated in the former suit. The defendant was not setting up the objection that it belonged to another, when this information was gratuitously furnished by the plaintiffs themselves. But it is unnecessary to comment on the subject. The fact is of no importance in the cause. It cannot benefit or injure either party. The defendant cannot claim more from it than he might

have done had he set it up in defence to the original action. Such defence would have been unavailing, as has been frequently decided in this Court. (1 Tex. 87; 2 Tex. 397; Id. 501; 5 Tex. 183.) If the deceased had recovered judgment in his own name, when it should or might have been in that of another, he could not, for the benefit of the real owner, have refused to prosecute a suit of revivor. Nor can those who represent him after his death make such refusal, nor is their act for that purpose any ground of objection by the party against whom judgment is to be obtained.

Reversed and remanded.