## CHARLES F. DECOURT v. JOHN S. SPROUL ET AL.

(Case No. 5899.)

1. PATENT OBTAINED BY FRAUD—COLLATERAL ATTACK—VOID GRANT—PURCHASER—
Plaintiff alleged that the patent under which defendants claimed issued in 1880, and was obtained by fraud and perjury; that the grantee obtained the grant as the head of a family and an actual settler upon the land, when, in reality she was not the head of a family and had never occupied the land; that plaintiff settled upon the land in 1884, with the object of obtaining a donation homestead under ch. 9, title 59, R. S. Defendants demurred. *Held:*

(1) If the patent was not void, the land conveyed in it was titled and could not be surveyed for plaintiff.

(2) A void grant is a mere vacuity, and its issuance leaves the title in the state. It is void when it conveys what the grantor does not own, or is made without his authority; when it is expressly declared void by law; or when its issuance is conditioned upon the actual existence of facts, not existing, and the jurisdiction to ascertain the facts before issue is vested in no agency of the sovereign.

(3) It is well settled that the patent was not void by reason of the fact simply that the grantee was not the head of a family and had not settled on the land. In the absence of fraud, the decision of the commissioner of the land office upon these qualifications is conclusive. (Styles v. Gray, 10 Tex., 503; Russell v. Randolph, 11 Tex., 46, etc.)

(4) A suit can be instituted by the state to set aside a patent obtained by fraud, but such a patent cannot be collaterally avoided. (Following Field v. Seabury, 19 How., 332. Cases reviewed.)

(5) If the patent was void for fraud, it could not be vitalized by an innocent purchase, and if it was void only while the title remained in the grantee or assignees with notice, it was not void, but voidable.

APPEAL from Maverick. Tried below before the Hon. D. P. Marr.

This suit was instituted by appellant in the district court of Maverick county, February 10, 1885, against appellees, praying a mandamus to compel appellee, Hector, to survey, and to return to the land office the field notes of the land described in plaintiff's petition as a homestead donation for plaintiff, under the act of 1879, (R. S., ch. 9, title 59, art. 3987, *et seq.*), and also to procure the cancellation of a patent under which defendant Sproul claimed title to the land. The patent had been issued to the mother-in-law of Sproul, Mrs. P. S. Waters, on March 2, 1880, as a homestead donation.

Plaintiff alleged his qualifications under the statute to receive this bounty of the state; that this land was vacant public domain; that he had, on July 10, 1884, settled upon it in good faith, and on the twelfth day of the same month filed with the surveyor the proper application, but survey was refused because of the existence of a patent; that the patent had been obtained by means of fraud and perjury as to the qualifications of the patentee to receive the same, and as to her compli-

ance with precedent conditions; that the commissioner of the general land office was thereby deceived and the patent obtained. That the patentee was not then the head of a family, but lived with her husband, and was not then, nor ever had resided on or occupied, or improved the land; that defendant Sproul, assignee of patentee, well knew these facts and the circumstances of the fraud and perjury at the time of the issue of the patent.

The petition alleged that the existence of the patent was a barrier to the perfecting of his title and a cloud upon his rights acquired by settling upon and improving the land, and prayed for the cancellation of the patent, and for mandamus to surveyor, the removal of the cloud, quieting him in his possession and rights, divesting title of defendant, general relief, etc.

On June 5, 1885, defendant demurred generally and specially, that plaintiff's rights, if any, accrued subsequently to the issuance of the patent. On December 18, 1885, these exceptions were sustained, and the cause dismissed.

*West & McGowan* and *J. A. Ware*, for appellant, cited; Styles *v.* Gray, 10 Tex., 503; Russell *v.* Randolph, 11 Tex., 463, 464; Johnson *v.* Smith, 21 Tex., 729; Gautier *v.* Franklin, 1 Tex., 732.

No brief on file for appellees.

ROBERTSON, ASSOCIATE JUSTICE.—The petition alleges that the patent, under which Sproul claims, was issued in 1880, and the plaintiff settled upon the land in 1884. The plaintiff's object in making the settlement was to obtain a donation homestead under chapter nine, of title fifty-nine, of the Revised Statutes. The last article of that chapter prohibited him from settling upon or occupying any land "titled, or equitably owned under color of title from the sovereignty of the state, evidence of the appropriation of which is on the county records, or in the general land office, or when the appropriation is evidenced by the occupation of the owner, or of some person holding for him." Art. 3951. If the patent is not void, the land conveyed in it is titled, and cannot be surveyed for plaintiff.

The plaintiff alleges that the patent was obtained by fraud and perjury. It seems that the grantee was the mother-in-law of defendant, Sproul, and that she obtained the grant as the head of a family, and an actual settler upon the land, and it is averred that she was not the head of a family, but was living with her husband, and that she never

in fact settled upon or occupied the land. That she made the pre-
scribed affidavit, and furnished the other two required by law, is not
denied, but all these affidavits are charged to have been willfully false.
If these averments are true, the grant was obtained by fraud, and the
question in the case is, does this fraud of the grantee make the patent
void or merely voidable. If it is only voidable, the article quoted pro-
hibits the plaintiff from obtaining any right in the land or getting into
any position, in which he could have the voidable grant avoided.
He is seeking to acquire land as a gratuity, and the state will not allow
him to use its grace as a basis of litigation or to disturb the peace of
antecedent claimants. He must make his selection of land, which is
neither titled, nor equitably owned by a right of record in the land
office, or in the county, or evidenced by adverse occupancy.

A void grant is a mere vacuity, its issuance leaves the title in the
state. It is void when it conveys what the grantor does not own;
when it is made without the authority of the grantor, when it is expressly
declared void by law, or when its issuance is conditioned upon the
actual existence of facts not existing, and the jurisdiction to ascertain
the facts before issue, is vested in no agency of the sovereign. When
the patent is void, the land continues to be a part of the public do-
main, and is open to settlement or location as if there was no patent.

It is well settled by a long line of decisions, that the patent to
Sproul's mother-in-law is not void by reason of the fact simply that
she was not the head of a family, and had not settled on the land. In
the absence of fraud, the judgment of the commissioner of the land
office upon these qualifications is conclusive. Styles v. Gray, 10 Tex.,
503; Russell v. Randolph, 11 Tex., 461; Ruis v. Chambers, 15 Tex.,
586; Byrne v. Logan, 16 Tex., 392; Johnson v. Smith, 21 Tex., 722;
Bowmer v. Hicks, 22 Tex., 155.

But, it must be confessed, that in the earlier cases in Texas the opin-
ion is strongly stated that a grant obtained by fraud is absolutely void.
In Mason v. Russell, (1 Tex., 724) the nullity resulting from fraud is
classed with that caused by want of jurisdiction in the officer issuing
the patent; but in that case, as reported, it does not appear that the
grant was attacked for fraud. In De Leon v. White, (9 Tex., 599) the
grant was held void because the commissioner extending the title had
issued it to his son, himself representing the son. This was held to
be void, as a judgment pronounced in his own cause. The grant was
also attacked for fraud, but improper evidence was admitted on that
issue, and the judgment was affirmed on the ground that the commis-
sioner had no power to issue a title to his son. In Style v. Gray, and
Russell v. Randolph, the grants were attacked for fraud, but neither

in them, nor in any other case cited, was the title adjudged void on the ground of fraud, even in the hands of the original grantee. In this connection a more cautious use of the word void seems to have commenced with Johnson v. Smith, in which the opinion is quite clearly intimated that the grant cannot be attacked on the ground of fraud when the title has passed into innocent hands, unless at the suit of the government, or some person having a prior equity. In Bowmer v. Hicks, (22 Texas, 162), the author of the opinion in Johnson v. Smith, stated that it was held "that evidence cannot be admitted to prove that the grantee had not brought his family to the country, and had not, in fact, become domiciled here, for the purpose of showing that he was not entitled to the grant, or had committed a fraud in obtaining it; that the original validity of a grant, regularly issued by competent authority, cannot be thus impeached."

In Howard v. Colquhoun, (28 Tex., 145), it is said that "many authorities can be cited against the right of a third person to plead fraud in the procurement of a grant issued by legal authority, * .* *." And later cases in this state have gone far in the same direction. In Bryan v. Shirley, 53 Tex., 459, the language of the court, in Todd v. Fisher 26 Tex., 241, to the effect that only the state, or some one having a color of title or equitable interest in the land, can attack a patent for an illegality in the preliminary proceedings, and that the patent is only erroneous, and not void, when the granting officer has the authority or power to act, but in the particular case should not have exercised his power, is quoted at length, and it is there stated, that "These views command our hearty assent." Again, in Gullett v. O'Connor, 54 Tex., 416, it was held that a patent on a junior location, forbidden by the constitution, and unauthorized, is not null and void, but voidable only at the suit of some one connected with the prior equity.

The same doctrine is held by the supreme court of the United States. In the decisions of that court, as in the earlier Texas cases, many expressions can be found to the effect that a grant obtained by fraud is void, 2 How., 318; but in Field v. Seabury, 19 How., 332, the true rule is thus stated: "In England, a bill in equity lies to set aside letters patent obtained from the king by fraud, and it would in the United States, but it is a question exclusively between the sovereignty making the grant and the grantee; but in neither could a patent be collaterally avoided for fraud at law. This court has never declared it could be done." If void, the grant is wholly without effect—it needs no decree of chancery to deprive it of life; it is still-born, and affords, neither at law nor in equity, any obstacle to the assertion of rights adverse to its terms.

It is alleged in the plaintiff's petition that Sproul had notice of the invalidity of the patent to his mother-in-law. If the patent was void for fraud, it could not be vitalized by an innocent purchase. If it is void only whilst the title remains in the grantee or assigns, with notice, it is not void at all, but voidable only.

If the patent possesses any validity whatever, it appropriates the land, and the plaintiff's settlement upon it, to initiate a homestead donation, was unauthorized and prohibited. "A patent appropriates the land it covers, and that land, being no longer vacant, is no longer subject to location." Hoofnagle v. Anderson, 7 Wheat., 215.

The plaintiff alleges that the patentee furnished to the commissioner the evidences entitling her to the patent, and the law authorizes the commissioner to determine whether the facts exist, upon which the law further authorizes him to issue the grant. He exercised this juris-diction, and if he was imposed upon, the state, and not the plaintiff, was defrauded. The grant is not void—the land is not public domain within the meaning of the statute, it is titled, and the demurrer to the petition was justly sustained.

AFFIRMED.

[Opinion delivered June 4, 1886.]