## L. D. Yarbrough et al. v. Tirsa G. De Martin et al.

### Decided February 12, 1902.

**1.—Parties—Death of Plaintiff—Suit Prosecuted by Widow.**

Where a husband's will makes the widow sole legatee, the children being cut off, and names no executor, and there is no necessity for administration, the widow may substitute herself as the plaintiff and prosecute an action instituted by the husband, and is not precluded from so doing by the article of the statute providing that on the death of a plaintiff, his executor, or administrator, or his heirs, if there be no necessity for administration, may prosecute the suit. Rev. Stats., art. 1246.

**2.—Same—Objections Waived.**

Where the defendants proceed with an action, treating the widow of the deceased plaintiff as properly the plaintiff therein until after the trial has begun, they thereby waive objections to the prosecution of the suit by her as plaintiff.

**3.—Will—Certificate of Probate—Jurisdiction—Presumption.**

Where a copy of an order probating a will, as it appears in the probate minutes of a certain county, is given and certified to by the county clerk, but the order fails to show by what court it was made, the presumption is that the order was duly made by the court then having jurisdiction of probate matters in that county.

**4.—Assignment of Error.**

An assignment that the court erred in admitting certain testimony, followed by a proposition that the testimony was proper, but not disclosing what particular principle is relied on to show error, can not be considered.

**5.—Homestead Donation—Survey—Evidence.**

Testimony by a county surveyor showing that application for a homestead donation survey was made to him; that he made a survey of 200 acres and sent the field notes to the Land Office and they were returned to him because the survey should have been for 160 acres, and that no further application for a resurvey was made while he was surveyor,—was not sufficient to show that the applicant had obtained any right to a homestead donation.

**6.—Possession—Trespasser—Patent.**

A mere trespasser upon land is not entitled by virtue of his possession to have the calls of a patent reformed, where by any reasonable construction of such calls the land appears to be covered by the patent.

**7.—Assignment of Error.**

Where an assignment alleging error in admitting in evidence a lease and a deposition was followed by a proposition raising only the question of the admissibility of the lease as a recorded instrument, the objection as to the deposition was waived, and as it was not alleged that the lease was not proved by other evidence, or that the written lease was all the evidence on the subject, it was insufficient.

Error from La Salle. Tried below before Hon. M. F. Lowe.

*Chas. H. Mayfield,* for plaintiffs in error.

*E. A. Atlee* and *C. C. Thomas,* for defendant in error.

JAMES, CHIEF JUSTICE.—The action in trespass to try title, brought by Raymond Martin for the Gulf, Colorado & Santa Fe Railway Company survey No. 1, of 640 acres; the Oscar Wolff survey 3, of 640 acres, and the Frank W. Johnston survey 11, of 484 acres.

Defendants L. D. Yarbrough and S. H. Ratcliff pleaded the general issue, also that on November 1, 1893, they were in actual occupation of said three tracts and have ever since had possession thereof, and hold the same by fee simple title; that plaintiff has had no possession thereof, nor any legal or equitable title therein; that he sets up a claim thereto, which is a cloud on defendant's title, and they pray affirmatively for a decree quieting their title and possession, etc. The court instructed the jury to find for plaintiff.

We conclude as facts in this case that defendants had no title and were mere trespassers, and that plaintiff showed title.

The first assignment is the contention that Mrs. Tirsa De Martin could not become plaintiff and prosecute this action after Raymond Martin's death, although it appeared that Martin left a will duly probated by which all his property of every kind was left to said Tirsa, his wife, and that no administration was taken out on his estate and none was necessary. The foundation of this point is that Martin left children, and did not in his will name any executor, and that only an administrator, or executor, or heirs can under our statute succeed a deceased plaintiff as party to a pending suit. The assignment proceeds upon a very strict spirit. There were no heirs in this instance, as the will had cut off the children. There was no executor named, and there could be no administrator, as there was no need of one. If this assignment should be upheld, it would be equivalent to holding that the particular suit abated, and that Mrs. Martin was under the existing conditions required to bring an original action. But even upon such a theory, there could be no legal objection to her appearing in and prosecuting this particular action, if defendants did not make timely objection, and themselves proceeded with the case, treating her as properly plaintiff. This they did by unqualified acts until after the trial was commenced and until the will was offered in evidence. The objection, if a good one in any event, came too late to avail defendants.

We overrule the third, fourth, and fifth assignments. There was no necessary or material variance between the allegations and the proof.

The sixth. In reference to the Wolff tract, the will of S. A. Maverick was a muniment in plaintiff's title. The instrument introduced purported to be the will of S. A. Maverick, dated May 24, 1869, certified by the county clerk of Bexar County, in connection with an order of probate as follows: "Tuesday, October 4, 1870. No. 921. Estate of Saml. A. Maverick, dec'd. Petition for probate of will and letters testament-

ary. This cause coming on to be heard, proof of the validity of the writing herein filed as the last will and testament of Sam'l A. Maverick, dec'd., having been made by the testimony of Theodor Baldus and Juan E. Barrera, two of the subscribing witnesses to said will, which testimony was taken down, sworn to, and subscribed to by said witnesses in open court, the court having been satisfied that the notices required by law have been given, and no opposition having been made or filed thereto: It is therefore ordered, adjudged, and decreed by the court, that the writing herein filed, purporting to be the last will and testament of Sam'l A. Maverick, dec'd., be and the same is admitted and probated as the true, valid, and original last will and testament of the said Sam'l A. Maverick, dec'd. It is further ordered by the court, that said original last will and testament, together with the proof thereof, be recorded by the clerk, and that letters of executorship issue to Mary A. Maverick, on her taking and subscribing the oath required by law; no bond required under the will."

The certificate was as follows: "State of Texas, County of Bexar: I, Frank McC. Newton, clerk of the county court of said county, do hereby certify that the above and foregoing is a true and correct copy of the order probating, and the last will and testament of Samuel A. Maverick, dec'd., as the same appears of record in book G, (blue), page 375, and book A, record of wills, 105, respectively, probate minutes of Bexar County, Texas,"—and was signed officially and sealed.

The objection to this deed, which is the only one presented in appellant's brief by proposition, is this: "Unless the certified copy of the will and order admitting it to probate show the same was probated in a court having jurisdiction thereof, or if it does not appear therefrom (as in this case) in what court, county or State the same was probated, same is a nullity and no evidence of title."

It is judicially known that at the time of the said order of probate the district court exercised probate jurisdiction in Texas; also that at the time Mr. Newton, county clerk, gave the above certificate, the county courts had such jurisdiction, and he was the legal custodian of all probate records of his county. The order of probate certificate was from the probate minutes of Bexar County, as the certificate states. It follows, and the presumption is, that the order was duly made by the court having jurisdiction of probate matters in Bexar County at the time it appears from the minutes to have been made. The presumption is also in favor of the jurisdiction of the court making such an order.

Under the rules the ninth, tenth, and eleventh assignments can not be considered. What particular principle is relied on to show the court erred in not admitting the testimony set forth in the assignment does not appear in the briefs of appellant. The assignments are that the court erred in not admitting certain testimony, and the propositions are that the testimony was proper and should have been admitted.

The thirteenth assignment is based on the idea that possession by defendants was alone sufficient to entitle them to judgment upon their

cross-action. This is not true where plaintiff shows a title from the State.

The defensive matter in this case appears to be that defendants had acquired rights under the State to portions of the lands, and that vacancies existed which authorized their claims for homestead donations. The evidence introduced by plaintiff was sufficient in itself to show that no vacancies existed. Defendants' claims under the homestead donation laws were all ruled out (with one exception), and there is no sufficient presentation of these matters in appellant's briefs to warrant our disturbing the court's rulings on the subject, as we have already said in this opinion. Besides, the claims appear to have been properly ruled out, as the instruments were not the ones described in the abstract of title filed in this case by defendants. The exception above referred to consisted of the testimony of J. N. Daniel, surveyor of La Salle County, to the effect that defendant Ratcliff made an application for a homestead donation survey in the latter part of 1895; that witness found more land than he expected, and surveyed for applicant 200 acres; that he sent the field notes to the Land Office, but the Land Office returned them, saying that there should be 160 acres surveyed, and that no further application or resurvey was made while witness was surveyor. We do not think it will be contended that Ratcliff is shown by this testimony to have obtained any right to a homestead donation.

The case stands thus: Plaintiff proved title under patents to the surveys 1 and 3 in question; these patents by their calls reach to contiguous surveys and would include the land defendants are claiming, and defendants are not shown to have acquired any claim under the State. In other words, defendants are mere trespassers as to said surveys. We are of opinion that a mere trespasser, simply because he has possession, is not in a position to have the calls of a patent reformed where by any reasonable construction of its calls the land appears to be covered by the patent. This is a matter that only the State or some one holding under it can litigate with the patentee or those holding under him. Bryan v. Shirley, 53 Texas, 460. Therefore all assignments relating to proof of vacancy and all matters that go to such issue could not affect plaintiffs' right to judgment for surveys 3 and 1.

As to survey No. 11. Plaintiff claimed as lessee of the owner. The seventh assignment is that "the court erred in permitting plaintiff, over defendants' objection, to introduce in evidence a written lease executed by John Dobson by J. F. Onion, agent, and Raymond Martin, and also deposition of Raymond Martin, taken on August 31, 1889, as shown by bill of exceptions No. 10." All objections to the deposition are waived by the fact that the proposition advanced in the brief raises only the question that the instrument was not admissible as a recorded instrument. This view we would sustain. But there were other methods of proving the lease, and the proposition advanced does not go further and allege that the lease was not proved in some other manner, nor does it allege that the written lease was all the evidence there was to show a

lease. In this condition of the brief it is not asserted that the lease was not proved,.and the duty is not imposed on us, under the rules, to investigate the record to ascertain what the evidence is on the subject. The presumption is in favor of the judgment.

We conclude that this survey stands like the others, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.