[8224] Writ of error pending in Supreme Court. *Page 801 
In 1874 one Ingalls, a surveyor, surveyed and located 160 acres of land in Jasper county, known as the Wm. Williamson pre-emption, with its north line running due east and west for a distance of 916 varas and its east line running due north and south for a distance of 846 varas. In 1876 the same surveyor surveyed and located a section of 640 acres of land lying partly in Jasper and partly in Orange counties, known as T. N. O. survey No. 82. In making this survey, he began at the southeast corner of the T. N. O. survey No. 81, which was located just north of said survey No. 82, and then ran due south 2,726 varas; thence due west 694 varas to the southeast corner of the said Wm. Williamson pre-emption; thence due north with the east line of said Williamson pre-emption 846 varas to its northeast corner: thence due west with the north line of said Williamson pre-emption 916 varas to its northwest corner; thence due north 1,880 varas to the southwest corner of T. N. O. survey No. 81; thence due east with the south line of said T. N. O. survey No. 81, 1,610 varas to place of beginning. The T. N. O. survey No. 82, up to the 18th day of May 1901, was public land. On the date last named the said survey No. 82 was patented by the state to one J. W. Sanders. On April 18, 1902, J. D. Sayers, Governor of Texas, conveyed to one Wm. Williams a tract of 130 acres of land, as segregated or detached scrap land, lying just north of the said Wm. Williamson pre-emption, which is bounded as follows: Beginning at the northwest corner of said Williamson pre-emption; thence due east 916 varas with the north line of the said Williamson preemption to its northeast corner; thence due north 800 varas for corner; thence due west 816 varas for corner: thence due south 800 varas to beginning. This last-named tract is embraced within the designated boundaries of said survey No. 82 patented to said J. W. Sanders, which is now claimed by the Miller-Vidor Lumber Company, appellees herein. At some time between 1896 and 1900 P. P. Williamson, appellant herein, took possession of and improved and inclosed some 10 or 11 acres of land lying about 600 or 700 varas north of the Williamson pre-emption and about 700 varas east of the west line of said survey No. 82, and which was, at the time he took possession thereof, wholly within the boundary line of said survey No. 82, as originally located, and as later described in the patent to Sanders. All of the improvements of said P. P. Williamson which were placed on said land for more than 10 years next prior to the filing of this suit was wholly within the boundaries of the Wm. Williams 130-acre tract. For a better understanding of the location of the various tracts of land above described and the location of the improvements of the appellant Williamson, we attach hereto a map or plat of said land, to wit:
[EDITORS' NOTE: MAP IS ELECTRONICALLY NON-TRANSFERRABLE.]
Assuming as correct the location of the surveys as platted above, we have marked in dotted lines the location of the land sued for by appellants as described in their petition. The cross mark indicates so much of the land sued for as is embraced within the boundaries of the Wm. Williams survey. The location of the improvements of the plaintiffs Williamson are indicated by the square on the plat.
Appellants P. P. Williamson and wife, E. I. Williamson, and R C. Conn, brought this suit against the Miller-Vidor Lumber Company on the 15th day of March, 1913. *Page 802 
Appellants Williamson by said suit seek to recover from said lumber company title to the 160 acres of land described in their petition, and shown by the dotted lines on the plat above. They base their right to such recovery on their plea of 10-year statute of limitation. They pray for judgment for the 160 acres of land described in their petition, but that, in the event the court should find that such recovery would not be an equitable partition between them and defendant, then they pray that the court appoint commissioners to make partition between said parties, and that said commissioners be directed to survey out and describe 160 acres of land out of the T. N. O. survey No. 82 for them so as to include their improvements, which would be equitable to all parties.
Plaintiff R. C. Conn sues to recover the growing timber on the land in question as a purchaser thereof from Williamson; and hence his right to recover herein depends entirely upon the recovery of Williamson.
Defendants Miller-Vidor Lumber Company answered: First, by plea in abatement because of misjoinder of causes of action and parties; second, by general denial; and, third, by its trial amendment as follows:
"Comes now Miller-Vidor Lumber Company and with leave of the court files this its trial amendment and shows: That it does not claim and has never claimed any of the land embraced within the boundaries of the Wm. Williams survey, partly in Orange and partly in Jasper county, Tex., as described in the patent thereto, issued to said Williams April 18, 1902, patent No. 439, volume 23, and defendant now disclaims said land. Defendant prays that this be considered a part of its first amended original answer."
Upon these pleadings the case was tried before a jury. After both parties had closed their evidence, the court, upon motion of defendant, instructed the jury as follows:
"You are instructed to find for the defendants Miller-Vidor Lumber Company, the Texas New Orleans Railroad section No. 82, and for the plaintiffs P. P. Williamson and E. I. Williamson, for all of the land sued for by plaintiffs situated on the Wm. Williams survey, and you will further find for the plaintiff R. C. Conn all the pine timber situated on the land sued for by plaintiffs P. P. Williamson and E. I. Williamson situated on the William Williams survey."
Upon the foregoing instructions the jury returned the following verdict:
"We, the jury, find in favor of the plaintiffs P. P Williamson and E. I. Williamson for all the land sued for that is included in the bounds of the W. W. Williams survey of 130 acres of land, patent No. 439, volume 23. We also find for defendant the Miller-Vidor Lumber Company all of the land and timber on section No. 82, patent No. 267, volume 2, that is not on the W. Williams survey and claimed by the defendants in their petition. We also find for plaintiff R. C. Conn for the pine timber on the land above awarded to plaintiffs Williamson."
Upon this verdict the court entered judgment for plaintiffs Williamson for such portion of the land as sued for by them as is included in the boundaries of the Williams survey of 130 acres, and for the defendant Miller-Vidor Lumber Company all the land included within the boundaries of the said T. N. O. survey No. 82, except such as is included in the boundaries of the said Williams survey, and for plaintiff Conn the pine timber on the land awarded to the Williamsons.
From this judgment, plaintiffs have appealed.
The effect of the first, second, third, fourth, and fifth assignments of error is that the trial court erred in instructing the jury as to its verdict upon motion of defendants: First. Because there was evidence sufficient to require the court to submit to the jury the question as to whether the plaintiffs had acquired title to the land sued for by the statute of limitation of 10 years. Second. Because there was evidence tending to show that plaintiffs had acquired title to 160 acres of land, including their improvements, and were entitled to have the jury locate the same for them or to have the same located by commissioners appointed by the court. Third. Because the undisputed evidence showed that plaintiffs held peaceable and adverse possession of the land sued for, claiming the same as their own for 10 years prior to the institution of this suit; that the title to the land sued for had passed from the state at the time plaintiffs took possession of same, and that the fact that subsequently the state conveyed to Wm. Williams 130 acres of a larger body of patented land, which said 130 acres included in its boundaries the whole of plaintiffs' improvements, would not confine plaintiffs' claim of title by limitation within the boundaries of said 130 acres conveyed to said Williams. Fourth and fifth. That the undisputed evidence shows that plaintiffs had held adverse and peaceable possession of the 160 acres of land claimed by them for more than 10 years prior to the institution of the suit.
We find: First. That there is no evidence tending to show that plaintiffs claimed or held any portion of the land sued for, except about 10 or 12 acres upon which their houses, lots, and fields are situated for a term of 10 years prior to bringing this suit, and that all of said improvements are within the boundaries of the Wm. Williams survey, and within that portion of said survey shown by the cross marks in the plat or map above; that a small part of the old field of the original improvements is not included within the boundaries of the land sued for, nor was about 40 acres of the land which they had inclosed in their pasture for four or five years so included. Second. That some time prior to May 18, 1901, plaintiffs built houses, lots, and small fields upon about 10 or 12 acres of land within the boundaries of the T. N. O. survey No. 82, and moved thereon, and that they have so resided ever since; that on said 18th day of May, 1901, the state of Texas patented all of said survey No. 82 to J. W. Sanders; that on the 18th day of April, 1902, J. D. *Page 803 
Sayers, Governor of Texas, conveyed to one Williams the tract of 130 acres shown on the plat above, which is taken from the said survey No. 82 as patented to Sanders; that plaintiffs' original improvements are all situated on said Williams survey; that up to or about January 2, 1913, at which time plaintiffs conveyed certain timber to R. C. Conn, they never claimed any certain part of said survey No. 82 and up to about 4 or 5 years prior to bringing this suit had only 10 or 12 acres in their possession; that about 4 or 5 years prior to bringing this suit they built a fence around about 65 acres of said survey No. 82, about one-third only of which is embraced in the boundaries of the land sued for; that by this suit and the answer filed by them in cause No. 3315, styled Miller-Vidor Lumber Co. v. Williamson, in the district court of Orange county, in the early part of 1914, plaintiffs abandoned and disclaimed any former claim they had to any portion of said survey No. 82, except that part which is described in their petition in this suit. We also find that the evidence shows that, prior to bringing this suit, appellants never openly or adversely claimed any portion of said survey No. 82 outside the boundaries of the Wm. Williams survey, and that up to or about that date they had never asserted title or claim to any part of the land described in their petition, except that part shown in cross marks on above plat, which consisted of about 10 or 12 acres, wholly on the Williams survey. Third. That as plaintiffs were suing to recover title to 160 acres of land, under the statute of limitation, the burden of showing that they had held peaceable and adverse possession of some certain land either actually or constructively for such time as would give them title, was upon them, and that there was no such showing made in this case.
We conclude that as plaintiffs were upon the land covered by their original improvements, consisting of about 10 or 12 acres only, which was wholly on the Williams survey of 130 acres, they cannot claim beyond the boundaries of said Williams survey, and, as they were mere trespassers upon the land, they were not in a position to question the validity of the conveyance of the state of Texas to Williams, and as their possession had not ripened into a title by time, prior to such conveyance to Williams, they cannot question its validity. They cannot be heard to say to the state that, if you had not conveyed this land to Williams, we would have been entitled to recover a larger tract from Miller-Vidor Lumber Company on our plea of limitation, and therefore we question your authority to make said conveyance.
Since the land was patented by the state to Williams, the legal title passed to the patentee, and no one but the state or some one holding a prior legal or equitable claim could set up the illegality of the patent to Williams. See McLeary v. Dawson, 87 Tex. 524, 29 S.W. 1044; Dawson v. McLeary, 25 S.W. 705; Gullett v. O'Connor, 54 Tex. 416; Decourt v. Sproul, 66 Tex. 368, 1 S.W. 337; Yarbrough v. De Martin,28 Tex. Civ. App. 276, 67 S.W. 177.
For the reasons above stated, we conclude that the court did not err in giving the instructions complained of in appellants' assignments 1, 2, 3, 4, and 5. They are therefore overruled.
Appellant's sixth assignment insists that the title to the land lying west and south of the land awarded to appellants was in issue, and, as the judgment rendered did not dispose of such issue, such judgment is void. There is no merit in such contention. Appellants sued for the land described in their petition after having abandoned and disclaimed any title to any other land on said survey No. 82, as described in the patent to Sanders, and appellee had specially disclaimed as to the land referred to in said assignment, and therefore the title to same was not in issue in this suit. We therefore overrule said sixth assignment.
We have examined appellants' seventh assignment and overrule same.
We also overrule appellants' ninth assignment, which insists that the court erred in overruling appellants' motion to retax the costs, all of which was taxed against appellants.
We find no such error committed in the trial of this cause in the court below, if any, as should cause the reversal of judgment of the trial court, and therefore said judgment is affirmed.
Affirmed.